(Hamilton County Common Pleas.)

JOSEPH BURGER v. SIMEON M. JOHNSON, trustee, et al.

Negligence—When it can be successfully invoked by a licensee—

On motion to arrest testimony from the jury.

Spiegel, J.

Counsel for defendants have moved to arrest the testimony from the jury and for judgment. For the purpose of its determination, a review of the testimony and a statement of the law underlying this cause is necessary.

The testimony introduced by the plaintiff discloses the following state of facts: Defendants are the owners of a flat building known as the Hyde Park Flat Building, containing stores upon the ground floor and flats for living purposes upon the first, second and third floors. Above this building is an attic, containing no flooring, only joists, having no windows, and no stairway leading to it. The only access to it is by a freight elevator, or·

lift, propelled by ropes on the outside of the lift, and running no farther than two feet below this attic. Plaintiff was engaged by Mr. Weitzel, some months after his tenancy of a flat in said building had expired, to help him in removing a stove from the attic, which had been placed there by him upon some loose boards on said joists.

The testimony shows that said attic was not included in the renting of the flat, nor in the renting of a store, which Mr. Wetzel still occupied in the building. Testimony is introduced that two other tenants besides Mr. Wetzel had placed a stove, two trunks, a soap box and some screens in said attic within a period of three years. No testimony is introduced that the defendants, owners of the building, had either permitted, countenanced or acquiesced in the use of this attic by any body for any purpose, but on the contrary, had forbidden the hauling of heavy articles, to-wit, barrels, on this elevator. It is further testified that this elevator was a freight, and not a passenger elevator, run by outside ropes by the tenants themselves in pulling up and down coal, groceries, etc., although occasionally a tenant would ride on the elevator himself. On the day in question Mr. Berger and Mr. Wetzel took the elevator within two feet of the attic, stepped into it, removed a board from the roof to obtain some light; rolled the stove to the edge of the elevator shaft, stepped into the elevator, and in pulling the stove into it it gave way, was precipitated to the cellar and plaintiff severly injured. A wheel was broken, and the pieces introduced in evidence, but no testimony whatever introduced that said elevator had been in a faulty condition.

Upon this statement of facts, plaintiff asks to recover damages from the owners of the building, alleging in his petition that the use of the attic and the elevator, as used by him, was with the consent of the defendants.

Giving this testimony its widest scope, plaintiff could only have been a licensee in the use of the elevator.

To maintain an action for personal injury occasioned by the negligence or want of care of another, it must be made to appear that the defendants owed some duty or obligation to the party injured which he failed to discharge or perform. Unless there is some contract duty or service which a party is bound to fulfil, there can be no negligence, fault or breach of the obligation. The real point to be determined then, is, whether the defendants owed any duty to the plaintiff.

In accepting the benefits of a license one assumes all the risks of danger incident thereto except those caused by willful negligence or affirmative acts of the licensor.

The fundamental inquiry in this case is, whether or not the owners of the building owed a duty to the plaintiff to so construct, keep and maintain the elevator or hoisting apparatus as that it should be a safe means of his transportation from the third floor to the attic. Actionable negligence or negligence which constitutes a good cause of action, grows out of a want of ordinary care and skill in respect to the person to whom the defendants are under an obligation or duty to use ordinary care and skill. The owners of a building assume no duty to one who is on their premises by permission only as a mere licensee, except that they will refrain from willful or affirmative acts which are injurious.

Willfulness is recklessness or gross carelessness. There is no testimony whatever in this case of such conduct on the part of the defendants.

The rule as adopted in Ohio in reference to the scintilla of evidence is this: That where there is any evidence, however slight, tending to support a material issue, the case must go to the jury, since they are the exclusive judges of the weight of the evidence; and this is so, although the judge may be of the opinion that the weight of the evidence is insufficient to support the issue. In other words, where the facts offered in evidence by the plaintiff make out a prima facie case the jury, and not the judge, ought to pass upon them, however meager or improbable the evidence may be.

Now, is there any evidence at all be--

fore the jury tending to prove a material issue in this case, in accordance with the law as I have just laid it down? I can find none, and the motion must be granted.

Edward Colston and James R. Foraker, for the motion.

Edward W. Strong and J. W. Walsh, contra.